UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Clarence Joseph Bill Saalman, II,   Case No. 3:23-cv-1538

      Plaintiff,

v.   MEMORANDUM OPINION
AND ORDER

County of Mercer, *et al.*,

      Defendants.

## I.    Background

On August 8, 2023, *pro se* plaintiff Clarence Joseph Bill Saalman, II filed a fee-paid "Complaint and Request for Injunction" in this case against the County of Mercer and City of Celina, Ohio. (Doc. No. 1). His complaint relates to his arrest and prosecution in Celina Municipal Court on four charges: obstructing official business, failure to disclose personal information, resisting arrest, and violating a city ordinance regarding park hours. *See State of Ohio v. Clarence J. Salman*, 23 CRB 00292 (Celina Mun. Ct.).

In his complaint, Saalman alleges he is homeless, and that his claims relate to events that occurred on July 29, 2023 at 11:44 p.m., after he was parked "[a]t East park parking lot in Celina" when "the only place to park homeless in a pickup truck . . . was blocked off for a city festival." (Doc. No. 1 at 4-5 ¶ III(B) and (C).) He contests the lawfulness of his arrest and charges against him, contending there was "no crime committed" and "no probable cause" to arrest him. (*Id.* at 5, ¶ III(C).) The basis for his claims is the decision of the United States Court of Appeals for the Ninth Circuit in *Martin v. Boise*, 920 F.3d 584 (9th Cir. 2019), in which, he contends, the Ninth

Circuit held "that a homeless person cannot be arrested, prosecuted, or criminalized for being on public property if two criteria are met: one that the city not offered any available shelter to the homeless person . . . and two, if the city has not designated a space where homeless can be, pitch a tent, park in a vehicle, to exist as necessity and circumstance require." (Doc. No. 1 at 6, ¶ IV.)

He states his "[c]ase against Mercer County is similar: was 'trespassed' under threat of arrest by two Deputies for parking under shade at Fairgrounds in an isolated area, for a few hours during the day." (*Id.* at 5, ¶ III(C).)

For relief, he asks the Court to adopt the ruling of *Martin*; for "prospective declaratory and injunctive relief against arrest, prosecution, and jail or fines for reason of being somewhere on public property where the two criteria in *Martin* have been met;" and for the Court to "go[] farther" than *Martin* and rule that cities and counties must make various provisions for the homeless, and to award him "monetary damages sufficient to make a ruling not merely stick but hold." (Doc. No. 1 at 6, ¶ IV.)

The parties have filed various motions in the case. On August 30, 2023, Mercer County filed a motion to dismiss the complaint pursuant to Rules 12(b)(6) and 12(b)(1). (Doc. No. 5). On September 14, 2023, Saalman opposed the County's motion and moved for "Injunctive Relief against [his] Pending Prosecution" and to assert Eighth Amendment claims. (Doc. No. 7 at 7). On October 9, 2023, the City filed a Motion for Summary Judgment. (Doc. No. 10).

At the time these motions were filed, the case against Saalman was still ongoing in Celina Municipal Court. On October 27, 2023, following a trial, a Municipal Court judge found Saalman guilty of all four charges. On November 6, 2023, plaintiff filed a "Motion for Injunctive Relief Against Cruel and Unusual Punishment," apparently seeking relief from the Municipal Court's judgment. (Doc. No. 13.) He was sentenced in Celina Municipal Court on November 11, 2023, to

2

one-year of community control sanctions and 30 days in prison, which was suspended on the condition he does not violate community control.

The pending motions are briefed and are ready for decision. For the following reasons, the County's motion to dismiss is granted, and the remaining motions are denied.

## II. STANDARDS OF REVIEW

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state a claim upon which the plaintiff may be granted relief. To survive a dismissal for failure to state a claim, a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in the plaintiff's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Summary judgment is warranted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When addressing a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party, and summary judgment may be granted only if the evidence is so one-sided that a reasonable fact-finder could not find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478-80 (6th Cir. 1989).

### III. DISCUSSION

#### A. MERCER COUNTY

The County persuasively demonstrates that Saalman's complaint fails to state a plausible claim against it upon which he may be granted relief. As the County points out, the complaint centers on Saalman's arrest by Celina police officers and subsequent charges in Celina Municipal Court stemming from his conduct and alleged violation of a Celina City parking ordinance. (Doc. No. 5 at 9.) Saalman has not pled any facts sufficient to support a plausible inference that the County was involved in, or liable for, the conduct he challenges.

As the County points out, local governments may not be held liable for the civil rights deprivations under 42 U.S.C. § 1983 solely on the basis of alleged wrongdoing by employees. Rather, governments may be held liable only when their own policy or custom causes a violation of a citizen's federal rights. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). Saalman's allegations, even if liberally construed, are insufficient to support a plausible finding that an unconstitutional policy or custom of Mercer County caused a deprivation of his rights by the City of Celina. Accordingly, his complaint fails to state a plausible claim against the County and warrants dismissal under Rule 12(b)(6).

#### B. CITY OF CELINA

The City's Motion for Summary Judgment is based primarily on facts – pertaining to Saalman's actions and the conduct of Celina police officers and the content of Celina ordinances -- that are not evident on the face of the Complaint.[1] (*See* Doc. No. 10 at 3) (arguing that Saalman became argumentative and refused to comply with requests and orders of police officers, and that

---

[1] The City did not move to dismiss on the basis of *Monell*. Nor has any party addressed the potential impact of *Heck v. Humphrey*, 512 U.S. 477 (1994) on Saalman's claims. Nothing in this order prevents the City from seeking judgment in its favor on these bases at a later time.

the City's ordinances are not similar to the ordinance at issue in *Martin*). Given Saalman's *pro se* status and the fact that there has been discovery in the case, I deny the City's motion for summary judgment without prejudice as premature. *See, e.g., Parker v. Washington*, No. 4:20-cv-11413, 2021 WL 2877932, at *3 (E. D. Mich. May 25, 2021) ("The better course for a court faced with a pre-discovery summary judgment motion will often be to deny the motion without prejudice or to defer consideration until some discovery has occurred.") (report and recommendation adopted by 2021 WL 2856459).

I also deny Saalman's two motions seeking injunctive relief. His first motion for injunctive relief, (Doc. No. 7), was filed during the pendency of his criminal case in Celina Municipal Court and on its face sought intervention in an ongoing state proceeding. Federal district courts lack jurisdiction to intervene in pending state-court criminal proceedings under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971).

Saalman's second motion for injunctive relief fails for similar reasons. That motion was filed after he was convicted in Celina Municipal Court and on its face seeks relief from the Municipal Court's "guilty verdict." (Doc. No. 13 at 1.) Federal courts lack jurisdiction to hear appeals of or overturn state-court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013).

## IV. CONCLUSION

For the reasons stated above, I grant the County's Rule 12(b)(6) motion to dismiss, (Doc. No. 5), and dismiss this action as against the County. I deny the City's motion for summary judgment, (Doc. No. 10), as premature. Finally, I deny Saalman's motions for injunctive relief. (Doc. Nos. 7 and 13).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
